No. 23-8003

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

---

DOUGLAS PHILLIP BRUST, D.C., P.C., ET AL.,

*Respondents,*

v.

OPENSIDED MRI OF ST. LOUIS L.L.C., ET AL.,

*Petitioners.*

---

On Appeal from the United States District Court
for the Eastern District of Missouri
The Honorable Sarah E. Pitlyk, presiding
District Court Docket No. 4:21-cv-00089

---

**ANSWER TO PETITION FOR PERMISSION TO APPEAL**

---

Glenn L. Hara
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL  60008
Telephone: (847) 368-1500
ghara@andersonwanca.com


***ATTORNEYS FOR RESPONDENTS***

# TABLE OF CONTENTS

Table of Contents ...................................................................................i

Table of Authorities ...............................................................................ii

Counter-Statement of Issue Presented ....................................................1

Introductory Statement ...........................................................................1

Argument.................................................................................................2

I.      Standards for permission to appeal under Rule 23(f)......................3

II.     Opensided fails to establish the relevant factors for interlocutory review. .......5

    A.      The petition does not present a novel or unsettled question of class-action practice ....................................................5

    B.      Opensided fails to show any manifest error or even substantial weakness.......................................................7

    C.      Opensided fails to demonstrate that class certification is the "death-knell" of the litigation, such that the online-fax-services issue will evade appellate review ...........................................13

    D.      The posture of the case and pending FCC appeal weigh against interlocutory review ...............................................16

Conclusion ............................................................................................17

i

# TABLE OF AUTHORITIES

**Cases**      **Page**

*Ambassador Animal Hosp., Ltd. v. Hill's Pet Nutrition, Inc.,*
  2021 WL 3043422 (N.D. Ill. Feb. 17, 2021) ................................................10

*Blair v. Equifax Check Servs., Inc.,*
  181 F.3d 832 (7th Cir. 1999) ...................................................4, 6, 15

*Career Counseling, Inc. v. AmeriFactors Fin. Grp., LLC,*
  2022 WL 286189 (D.S.C. Jan. 31, 2022) ...................................................15

*Chapman v. Wagener Equities Inc.,*
  747 F.3d 489 (7th Cir. 2014) ...................................................13-14

*Correll v. Iconic Mortg. Corp.,*
  2021 WL 5014122 (S.D. Fla. Feb. 8, 2021) ...................................................9

*Craftwood II, Inc. v. Generac Power Sys., Inc.,*
  63 F.4th 1121 (7th Cir. 2023) ...................................................9

*Dealer Computer Servs., Inc. v. Dub Herring Ford,*
  623 F.3d 348 (6th Cir. 2010) ...................................................13

*Gager v. Dell Fin. Servs., LLC,*
  727 F.3d 265 (3d Cir. 2013) ...................................................10

*Golan v. FreeEats.com., Inc.,*
  930 F.3d 950 (8th Cir. 2019) ...................................................11-12

*Ira Holtzman, C.P.A. v. Turza,*
  728 F.3d 682 (7th Cir. 2013) ...................................................1

*In re Advanced Rehab & Med., P.C.,*
  2021 WL 3533492 (6th Cir. Apr. 27, 2021) ...................................................2, 6, 16

*In re Delta Air Lines,*
  310 F.3d 953 (6th Cir. 2002) ...................................................7, 12-14

Appellate Case: 23-8003     Page: 3     Date Filed: 04/28/2023    Entry ID: 5270680

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Lake City Indus. Prods., Inc.*,
  2013 WL 414652 (6th Cir. Jan. 9, 2013) ........................................................... 13-14

*In re Lorazepam & Clorazepate Antitrust Litig.,*
  289 F.3d 98 (D.C. Cir. 2002) ........................................................... 6-7, 15-16

*In re SamMichaels, Inc.,*
  2013 WL 1760353 (6th Cir. Apr. 25, 2013) .................................................. 5

*Int'l Telecard Ass'n v. FCC,*
  166 F.3d 387 (D.C. Cir. 1999) ........................................................... 9, 10, 16

*Levine Hat Co. v. Innate Intel., LLC*,
  2022 WL 1044880 (E.D. Mo. Apr. 7, 2022) .................................................. 10-11

*Liles v. Del Campo,*
  350 F.3d 742 (8th Cir. 2003) .......................................................... 3

*Lyngaas v. Curaden AG*,
  2019 WL 2635966 (E.D. Mich. June 27, 2019) ............................................ 6-8

*Lyngaas v. Curaden AG*,
  992 F.3d 412 (6th Cir. 2021) ........................................................... 3, 7

*Microsoft Corp. v. Baker,*
  137 S. Ct. 1702 (2017) ........................................................... 16

*Mussat v. IQVIA Inc.,*
  2020 WL 5994468 (N.D. Ill. Oct. 9, 2020) .................................................. 10

*Nack v. Walburg,*
  715 F.3d 680 (8th Cir. 2013) ........................................................... 9-10

*P.A.C.E. v. Sch. Dist. of Kansas City*,
  312 F.3d 341 (8th Cir. 2002) ........................................................... 3

Appellate Case: 23-8003    Page: 4    Date Filed: 04/28/2023 Entry ID: 5270680

# TABLE OF AUTHORITIES

**Page**

## Cases

*Physicians Healthsource, Inc. v. A-S Medication Sols., LLC,*
    950 F.3d 959 (7th Cir. 2020) ....................................................... 10

*Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.,*
    847 F.3d 92 (2d Cir. 2017)............................................................ 10

*Prado-Steiman ex rel. Prado v. Bush,*
    221 F.3d 1266 (11th Cir. 2000) ..........................................7, 9, 12

*True Health Chiropractic Inc. v. McKesson Corp.,*
    2022 WL 1239346 (N.D. Cal. Apr. 27, 2022) ...........................15

*Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.,*
    603 F. Supp. 3d 1334 (S.D. Fla. 2022) ......................................9

*Urgent One Med. Care, P.C. v. Co-Options, Inc.,*
    2022 WL 16755154 (E.D.N.Y. June 1, 2022)...........................10

*Waste Mgmt. Holdings, Inc. v. Mowbray,*
    208 F.3d 288 (1st Cir. 2000)........................................3-4, 12, 15

## Statutes

28 U.S.C. § 1291 ...........................................................................15
47 U.S.C. § 227(a)(3)...................................................................6, 8
47 U.S.C. § 227(b)(3) .....................................................................1
47 U.S.C. § 227(b)(1)(C) ................................................................2

## Rules & Regulations

Fed. R. Civ. P. 23(f)..................................................................... 16
*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*
    18 FCC Rcd. 14014 (rel. July 3, 2003) ..................................9-11

*In re WestFax, Inc. Petition for Consideration & Clarification,*
    30 FCC Rcd. 8620 (rel. Aug. 28, 2015)......................................9

*In re Amerifactors Fin. Group, LLC Pet.,*
    2019 WL 6712128 (CGAB Dec. 9, 2019) ............................15-16

Appellate Case: 23-8003    Page: 5    Date Filed: 04/28/2023    Entry ID: 5270680

## Counter-Statement of Issue Presented

Whether a district court's order granting class certification in a garden-variety dispute under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(3), justifies a departure from this Court's normal practices and demands immediate interlocutory review, where the district court carefully considered each of the Rule 23 factors in making its decision.

## Introductory Statement

Plaintiffs, Douglas Phillip Brust, D.C., P.C., and Alan Presswood, D.C., P.C., state as follows in opposition to the petition of Defendants, Opensided MRI of St. Louis, LLC, Opensided MRI of St. Louis II, LLC, and Dr. Matthew Ruyle ("Opensided"), seeking interlocutory review of the district court's Memorandum & Order granting Plaintiff's Motion to Certify Class. (Doc. 61, "Order"). The district court applied the correct legal framework and carefully analyzed each of the Rule 23 elements in its 17-page Order. After considering the evidence and competing arguments, the district court exercised its discretion by concluding (as many courts have done in TCPA class actions) that class treatment is appropriate in this case under Rule 23(b)(3). *See, e.g.*, *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 683 (7th Cir. 2013) ("Class certification is normal in litigation under [the TCPA], because the main questions, such as whether a given fax is an advertisement, are common to all recipients.").

Opensided is disappointed with the district court's decision, but it has not demonstrated any of the relevant factors required to justify immediate review under Rule 23(f). Opensided presents no compelling reason for this Court to depart from its normal practice of avoiding piecemeal appeals and requiring a party to seek review of a class certification ruling following final judgment. The petition should be denied.

## Argument

In four recent cases, this Court's sister circuits have denied Rule 23(f) petitions presenting the exact same question underlying Opensided's Petition: whether users of "online fax services" are covered by the TCPA's restrictions governing the sending of an unsolicited advertisement to a "telephone facsimile machine" under 47 U.S.C. § 227(b)(1)(C). (Pet. at 12 ("The overarching issue before the Court in this Petition is how [online fax services] are to be treated under the TCPA."); *see* Ex. A, *Mastercard Int'l Inc. v. Scoma Chiropractic, P.A.*, No. 22-90004 (11th Cir. Mar. 16, 2022) (denying defendant's petition to appeal grant of class certification raising "online fax services" issue); Ex. B, *Career Counseling, Inc. v. Amerifactors Fin. Group, LLC*, No. 21-210 (6th Cir. Aug. 19, 2021) (denying plaintiff's petition to appeal denial of certification); Ex. C, *In re Advanced Rehab & Med., P.C.*, No. 20-0506, 2021 WL 3533492 (6th Cir. Apr. 27, 2021) (denying plaintiff's petition to appeal denial of certification); Ex. D, *In re*

2

*Curaden AG*, No. 19-0108 (6th Cir. Jan. 8, 2020) (denying defendant's petition to appeal grant of certification).

As argued below, this Court should join the Sixth and Eleventh Circuits in declining to accept interlocutory review of this issue because (1) the question of whether users of "online fax services" are covered by the TCPA is a substantive merits question, not a question of class-action practice appropriate for Rule 23(f) review; (2) Opensided fails to identify any "manifest error" or even "substantial weakness" in the district court's reasoning; (3) Opensided fails to demonstrate the "death-knell" factor applied by every other circuit court on Rule 23(f) petitions; and (4) the posture of the case and pending proceedings before the Federal Communications Commission ("FCC") make review inappropriate at this time.

## I.     Standards for permission to appeal under Rule 23(f).

This Court has not articulated a standard for deciding a petition for permission to appeal under Rule 23(f). *Liles v. Del Campo*, 350 F.3d 742, 746, n.5 (8th Cir. 2003) (denying petition and stating "we need not undertake here the task of refining a circuit standard for review of such petitions"). However, in *P.A.C.E. v. Sch. Dist. of Kansas City*, 312 F.3d 341, 343 (8th Cir. 2002), the Court cited three decisions with approval: *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 102–06 (D.C. Cir. 2002); *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208

3

F.3d 288, 292–95 (1st Cir. 2000); and *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834–35 (7th Cir. 1999).

These precedents share four common factors in deciding whether to grant Rule 23(f) review. First, they ask whether the petition presents a novel or unsettled "fundamental issue[] about class actions." *Blair*, 181 F.3d at 835; *In re Lorazepam*, 289 F.3d at 105 (asking if petition "presents an unsettled and fundamental issue of law relating to class actions"). Second, they ask whether the petitioner has demonstrated that the class-certification decision was "manifestly erroneous," *In re Lorazepam*, 289 F.3d 98, 105 (D.C. Cir. 2002), or at least highly "questionable," *Blair*, 181 F.3d at 835. Third, they ask whether the class-certification order is the "death-knell" of the case, such that the question presented may evade review following a final judgment. *See In re Lorazepam*, 289 F.3d at 105; *Blair*, 181 F.3d at 835. Finally, they consider to some degree other issues about the "nature and status of the litigation" and the likelihood of "future events" that could unfold. *In re Lorazepam*, 289 F.3d at 104.

The circuits agree that Rule 23(f) review should be "rarely granted" in light of the "lengthy period necessary to complete an appeal." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002) (holding such review is "never to be routine" and is "the exception, not the norm"); *Mowbray*, 208 F.3d at 294 (holding "interlocutory appeals are disruptive, time-consuming, and expensive," and courts of appeals

Appellate Case: 23-8003     Page: 9     Date Filed: 04/28/2023 Entry ID: 5270680

should "err, if at all," on the side of denying Rule 23(f) review). A party is always free to appeal a decision on class certification following final judgment. *In re Delta Air Lines*, 310 F.3d at 960.

## II. Opensided fails to establish the relevant factors for interlocutory review.

Opensided's petition presents no novel or unsettled question of class-action practice; it fails to show any "manifest error" or even substantial weakness in the district court's reasoning; it fails to prove that class certification is the "death-knell" of the case; and the posture of the case and the possibility of future proceedings before the FCC and the courts weigh against interlocutory review. As in any TCPA class action, there is no reason Opensided cannot appeal class certification after a final decision on the merits. *See, e.g.*, *In re SamMichaels, Inc.*, No. 12-0110, 2013 WL 1760353 (6th Cir. Apr. 25, 2013) (declining to review order certifying TCPA fax class).

### A. The petition does not present a novel or unsettled question of class-action practice.

As Openside's Petition states, "[t]he overarching issue before the Court in this Petition is how such transmissions [to online fax services] are to be treated under the TCPA" in light of an interpretive ruling issued by the Consumer & Governmental Affairs Bureau of the FCC in *In re Amerifactors Fin. Group, LLC Pet.*, 2019 WL 6712128 (CGAB Dec. 9, 2019) ("Amerifactors Bureau Ruling").

5

(Pet. at 12). This "overarching issue" does not present a "fundamental issue[] about class actions," *Blair*, 181 F.3d at 835, or an "issue of law relating to class actions," *In re Lorazepam*, 289 F.3d at 105. Instead, it is a highly TCPA-specific question of substantive law regarding the interpretation of the statutory term "telephone facsimile machine" in 47 U.S.C. § 227(a)(3).

As the Sixth Circuit recently held in denying a Rule 23(f) petition presenting precisely the same issue, although the question of whether users of online fax services are covered by the TCPA in light of the Amerifactors Bureau Ruling is "a novel and unsettled issue," that issue is not properly raised in a Rule 23(f) appeal because "an appeal under Rule 23(f) should be limited to review of *class certification issues*," and "should not become a vehicle for early review of a legal theory that underlies the merits of a class action." *In re Advanced Rehab*, 2021 WL 3533492, at *2 (emphasis added) (quoting *In re Delta Air Lines*, 310 F.3d at 960). The dispute over whether online fax services are covered by the TCPA "falls squarely in the latter category" concerning the underlying "merits of a class action," not a class-certification issue. *Id.*

In *Lyngaas v. Curaden AG*, No. 17-CV-10910, 2019 WL 2635966, at *2 (E.D. Mich. June 27, 2019), the district court denied a stay pending the defendant's Rule 23(f) petition from an order granting class certification, holding the online-fax-services issue "does not go to an issue of class certification; it concerns the

6

merits of the case, making it unlikely that the Sixth Circuit would decide to consider it on a Rule 23(f) appeal." The Sixth Circuit subsequently denied the petition. *See* Ex. D, *In re Curaden AG*, No. 19-0108, Order Denying Rule 23(f) Petition (6th Cir. Jan. 8, 2020). Like the petition in *In re Curaden*, Opensided's petition presents a specific question of TCPA interpretation, not one that reflects any "uncertainty in class litigation." *In re Lorazepam*, 289 F.3d at 106 (quoting Committee Notes to Rule 23(f) and denying defendant's Rule 23(f) petition challenging "the merits of the case").

In sum, the "overarching issue" Opensided asks this Court to review is not an appropriate "issue of class certification," and the issue is "so enmeshed with the merits of the case as to disfavor immediate review." *In re Delta Air Lines*, 310 F.3d at 960–61. Opensided's arguments are more properly heard on an appeal from a final judgment, and the Court should deny the petition on this basis alone.

## B. Opensided fails to show any manifest error or even substantial weakness.

Opensided fails to demonstrate any "manifest error," *In re Lorazepam*, 289 F.3d at 105, or even any "substantial weakness," *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274–76 (11th Cir. 2000), in the district court's well-reasoned decision with respect to either (1) its conclusion that the TCPA is not limited to traditional "stand-alone" fax machines, contrary to the Amerifactors Bureau Ruling; or (2) that users of online fax services have Article III standing.

7

First, only one circuit court of appeals has considered whether a fax is sent to a "telephone facsimile machine" as defined in § 227(a)(3) where the end user receives the fax via an "online fax service." In *Lyngaas v. Curaden AG*, 992 F.3d 412, 425–27 (6th Cir. 2021), the Sixth Circuit held the statute was unambiguous and affirmed certification of a TCPA class of *all* fax recipients,[1] rejecting the defendants' argument that class certification was inappropriate because the plaintiff "failed to establish which proposed class members received faxes on a traditional fax machine versus another device, such as a computer."

The Sixth Circuit held that the "plain language" of the statutory definition of "'telephone facsimile machine' . . . encompasses more than a traditional fax machine" and "does not require the actual printing of the advertisement, which dispels the defendants' argument that Congress was concerned only with the burdensome ink-and-paper costs of fax advertising." *Id.* at 426. The Sixth Circuit held its interpretation of the statute was "reinforced" by the FCC's interpretation in *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14133 ¶ 199 (rel. July 3, 2003) ("2003 Commission Order"), stating that the TCPA covers faxes received by the end-user in an email "inbox" on

---

[1] The class definition in *Lyngaas* was "All persons who were successfully sent one or more facsimiles in March 2016 offering the Curaprox '5460 Ultra Soft Toothbrush' for '.98 per/brush' to 'dental professionals only.'" *Lyngaas v. Curaden AG*, No. 17-cv-10910, 2019 WL 2231217, at *13 (E.D. Mich. May 23, 2019).

Appellate Case: 23-8003     Page: 13     Date Filed: 04/28/2023 Entry ID: 5270680

a computer, and by the Bureau in *In re WestFax, Inc. Petition for Consideration & Clarification*, 30 FCC Rcd. 8620, 8623 ¶ 9 (rel. Aug. 28, 2015) ("WestFax Bureau Ruling").

Here, the district court carefully considered the issue, stated it "finds the Sixth Circuit's analysis persuasive," and ruled that the statute covers all fax recipients. (Order at 7); *accord Craftwood II, Inc. v. Generac Power Sys., Inc.*, 63 F.4th 1121, 1123 (7th Cir. 2023) ("But today with nary a facsimile machine in sight, many (or perhaps most) faxes go directly to an email address like other unwanted junk emails. The TCPA, however, still protects unwilling recipients from unsolicited faxes in the same way it always has, by granting statutory damages of $500 for each violation of the Act (and three times that for willful and knowing violations."). There is no "manifest error" to correct.

Nor is there even an arguable "substantial weakness," *Prado-Steiman*, 221 F.3d at 1274, because even if Opensided could show that the statute is ambiguous, the district court would still be required under this Circuit's precedents to follow the 2003 Commission Order. *See Nack v. Walburg*, 715 F.3d 680, 686 (8th Cir. 2013). The 2003 Commission Order is unquestionably a "final order" of the full FCC, covered by the Hobbs Act, 28 U.S.C. § 2342(1). *Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*, 603 F. Supp. 3d 1334, 1341 (S.D. Fla. 2022); *Correll v. Iconic Mortg. Corp.*, No. 20-24858-CIV, 2021 WL 5014122, at *5 (S.D.

9

Fla. Feb. 8, 2021). Under *Nack*, a district court lacks jurisdiction to adopt an interpretation of the statute contrary the FCC's interpretation in a "final order" because the Hobbs Act vests "exclusive" jurisdiction to determine the validity of such an order in the court of appeals. 715 F.3d at 686. The Amerifactors Bureau Ruling, as the district court correctly found (Order at 7)—and as Opensided does not dispute (Pet. at 1–24)—is a non-final Bureau-level ruling currently on appeal to the full Commission.[2] Until the Commission issues a "final order" on that application, "[o]ngoing agency review renders an order nonfinal for purposes of judicial review." *Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999).

Moreover, even if there was not a binding final order of the FCC on the subject, the courts hold that the TCPA is a "remedial statute," *see Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 967 (7th Cir. 2020); *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92, 96 (2d Cir. 2017); *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013), and so any ambiguity in the definition of "telephone facsimile machine" should be interpreted in favor of consumers, rather than fax advertisers. A remedial consumer statute should be broadly construed and defenses narrowly

---

[2] *See In re Amerifactors Fin. Grp.*, CG Docket No. 02-278 & 05-338, Application for Review (filed Jan. 8, 2020), *available at* www.fcc.gov/ecfs/document /1010809915952/1

construed. Here, the district court decided class certification well within the guideposts of previously decided caselaw.

Opensided cites a few out-of-circuit district court decisions applying the Amerifactors Bureau Ruling to deny class certification. (Pet. at 14, n.4); *but see Urgent One Med. Care, P.C. v. Co-Options, Inc.*, 2022 WL 16755154 (E.D.N.Y. June 1, 2022), *adopted by* 2022 WL 4596754, at *7 (E.D.N.Y. Sept. 30, 2022); *Ambassador Animal Hosp., Ltd. v. Hill's Pet Nutrition, Inc.*, 2021 WL 3043422 (N.D. Ill. Feb. 17, 2021); *Mussat v. IQVIA Inc.*, 2020 WL 5994468, at *3 (N.D. Ill. Oct. 9, 2020). However, there is no split of authority on this issue in *this Circuit* for this Court to resolve. The only other on-point district court decision in the Eighth Circuit of which Plaintiffs' counsel is aware is *Levine Hat Co. v. Innate Intel., LLC*, No. 4:16-CV-01132 SNLJ, 2022 WL 1044880, at *2 (E.D. Mo. Apr. 7, 2022), where the district court held the Amerifactors Bureau Ruling is not binding and followed the 2003 Commission Order in denying a motion to decertify a class. The district court in this case agreed with *Levine Hat* (Order at 7–8), so there is no intra-circuit dispute to resolve.

Second, as to Article III standing, Opensided does not dispute that users of "stand-alone" fax machines, such as Plaintiff Brust, have Article III standing. (Pet. at 1–24). The district court firmly grounded its ruling that users of online fax services suffer concrete Article III injury on this Court's holding in *Golan v.*

11

*FreeEats.com, Inc.*, 930 F.3d 950, 959 (8th Cir. 2019), where it held that two plaintiffs had Article III standing in a TCPA case arising out of unwanted voicemail messages. (Order at 10).

Opensided's *only* response to the district court's reasoning is to argue that the Court in *Golan* did not consider whether class members "who neither answered the call nor received answering machine messages would have standing" and did not address whether that issue would affect class certification because the defendants did not cross-appeal class certification. (Pet. at 21). This argument fails because in this case Plaintiffs obtained the fax logs from the fax broadcaster hired by Opensided (called OPENFAX), which show conclusively which of the target fax numbers successfully received Opensided's faxes. (*See* Doc. 49, Pls.' Mem. Supp. Class Certification at 4–5). Plaintiffs' expert witness analyzed the fax logs and concluded that they show 9,860 attempted transmissions of Opensided's faxes, with "7,522 fully received error-free transmissions sent to and received by 1,583 unique fax numbers." (Doc. 49-2, PageID #411, Expert Report of Robert Biggerstaff ¶ 16). The class definition in this case consists only of persons "successfully sent" the faxes. (Order at 2). Unlike in *Golan*, where the class contained "recipients of calls that never connected with a person or answering machine," *Golan*, 930 F.3d at 958, n.5, the certified class contains no persons to whom Opensided's faxes failed to successfully transmit.

In sum, Opensided fails to demonstrate any "manifest error" or "substantial weakness" in the district court's Order, and the Court should deny the petition.

### C. Opensided fails to demonstrate that class certification is the "death-knell" of the litigation, such that the online-fax-services issue will evade appellate review.

The death-knell factor is often the "most important" consideration in the Rule 23(f) analysis. *Prado-Steiman*, 221 F.3d at 1274. Although class certification may in some cases impose "undue pressure" on the defendant to settle, hampering the prospect of review after final judgment, the courts recognize that "[t]he magnitude of damages is relative to the size of the defendant," and "what might be 'ruinous' to a company of modest size might be merely unpleasant to a behemoth." *In re Delta Air Lines*, 310 F.3d at 961 (quoting *Mowbray*, 208 F.3d at 294). It is the defendant's burden to provide "insight into potential expenses and liabilities," *id.* at 960, and to demonstrate a "hardship" to satisfy this factor, *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 353 (6th Cir. 2010).

In *In re Delta Air Lines*, 310 F.3d at 961, for example, the defendant argued an immediate appeal of class certification was required because it was subject to potential damages of nearly $1 billion at trial. The Sixth Circuit disagreed, holding that, although $1 billion in damages was "probably more than a mere unpleasantry" to the defendant, it was not necessarily large enough to "support an

Appellate Case: 23-8003     Page: 18     Date Filed: 04/28/2023 Entry ID: 5270680

appeal" and the Court was not convinced that "in the absence of an immediate appeal, these defendants will have no recourse but to settle." *Id.*

In *In re Lake City Indus. Prods., Inc.*, No. 12-0108, 2013 WL 414652, at *1 (6th Cir. Jan. 9, 2013), a TCPA fax case, the defendant argued it was a small, family-owned business that would be forced to go out of business absent immediate review of class certification. The court denied the petition, holding in part that the defendant "has not quantified its potential expenses or liabilities," and that "a party must offer more than a 'general assertion' of harm" to demonstrate the undue-pressure factor. *Id.* (citing *In re Delta Air Lines*, 310 F.3d at 960).

In *Chapman v. Wagener Equities Inc.*, 747 F.3d 489, 491 (7th Cir. 2014), another TCPA fax case, the Seventh Circuit denied review because "the defendants haven't told us what their assets are—just that the corporate defendant is 'a small family owned business,'" leaving the court unable to determine whether the potential liability would be the death-knell of the case. The court recognized that the defendant was "no doubt small in relation to such family-owned businesses as Koch Industries and Walmart," but held that did not mean the prospect of a $15-million liability would essentially end the litigation. *Id.* Since the defendants failed to supply the relevant financial information, the Seventh Circuit held the petition did not even merit "careful consideration." *Id.*

14

Here, Opensided vaguely asserts that a judgment in favor of the certified class "would almost certainly leave Dr. Ruyle insolvent," and leaves it at that. (Pet. at 10). But Opensided declines to provide any of the required "insight" into the economic impact a class judgment could have on the company. Rather than compare its potential liability to the Defendants' assets, Opensided makes a "'general assertion' of harm," which is insufficient to demonstrate undue pressure to settle. *In re Lake City*, 2013 WL 414652, at *1 (citing *In re Delta Air Lines*, 310 F.3d at 960). Since Opensided chose not to disclose "what [its] assets are" in relation to its potential liability, it necessarily fails to demonstrate the "death-knell" factor. *Chapman*, 747 F.3d at 491; *see also* Ex. A, *Mastercard Int'l Inc. v. Scoma Chiropractic, P.A.*, No. 22-90004, at 4 (11th Cir. Mar. 16, 2022) (denying defendant's Rule 23(f) petition raising online fax services issue where defendant failed to provide "record evidence about its own resources" to demonstrate "death-knell" factor).

In addition, the rationale behind the "death-knell" factor is that, since the parties will be forced to settle, an important question of law might "evade effective appellate review at the end of the trial court proceedings." *In re Lorazepam*, 289 F.3d at 104 (citing *Mowbray*, 208 F.3d at 293–94; *Blair*, 181 F.3d at 835). That rationale does not apply here because the question of whether users of online fax services are covered by the TCPA is currently pending before the Fourth Circuit

15

and the Ninth Circuit in appeals from final judgments under 28 U.S.C. § 1291. *See True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-HSG, 2022 WL 1239346, at \*1 (N.D. Cal. Apr. 27, 2022) (entering judgment in favor of individual plaintiffs following bench trial), *cross-appeals filed*, Nos. 22-15710 & 22-15732 (9th Cir.); *Career Counseling, Inc. v. AmeriFactors Fin. Grp., LLC*, No. 3:16-CV-03013-JMC, 2022 WL 286189 (D.S.C. Jan. 31, 2022) (entering summary judgment in favor of individual plaintiff), *appeal filed*, No. 22-1119 (4th Cir.). The Fourth Circuit case was argued December 9, 2022. Briefing is nearly complete in the Ninth Circuit case, with Plaintiffs' Reply Brief on Cross-Appeal due May 8, 2023. This Court should deny interlocutory review and consider the substantive question raised in Opensided's Petition when and if that issue is properly presented in an appeal from a final judgment, like the Fourth and Ninth Circuits.

## D. The posture of the case and pending FCC appeal weigh against interlocutory review.

Finally, as the Sixth Circuit held in denying an identical petition, Rule 23(f) review is inappropriate here because "there is an appeal of the *Amerifactors Ruling* pending before the FCC, which might render obsolete a decision from this court addressing the issues at hand." Ex. C, *In re Advanced Rehab*, 2021 WL 3533492, at \*2 (citing *In re Amerifactors Fin. Grp.*, CG Docket No. 02-278 & 05-338, Appl. for Review (filed Jan. 8, 2020)); *see also In re Lorazepam*, 289 F.3d at 104 (holding the likelihood of potential "future events" may weigh against review).

16

The Sixth Circuit held that "nothing prevents the district court from altering the class definition in light of the FCC's decision or further discovery." *Id.*

Finally, the Sixth Circuit held that "as in *Lyngaas*, this court can review the district court's class certification decisions in an appeal from a final judgment on the merits." *Id.* (citing *Lyngaas*, 992 F.3d at 425; *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017)). As in *Advanced Rehab* and *Lyngaas*, there is nothing in Opensided's petition demonstrating that waiting to decide the online-fax-services issue in an appeal from a final judgment would "present such a barrier that later review is hampered." *Id.*

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the petition for permission to appeal pursuant to Fed. R. Civ. P. 23(f).

Respectfully submitted,

/s/ Glenn L. Hara
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone:  847-368-1500
ghara@andersonwanca.com

Max G. Margulis, #24325MO
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
Telephone: (636) 536-7022 (Residential)
MaxMargulis@MargulisLaw.com

17

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing Answer to Petition for Permission to Appeal complies with the type-volume limitations Rule 5(c)(1) because this Answer contains 4,036 words, excluding parts exempted by Rule 32. This Answer complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Times New Roman in 14-point size.

/s/ Glenn L. Hara
*Attorney for Plaintiff-Respondent*

18

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2023, I submitted the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to all attorneys of

record.

/s/   Glenn L. Hara
Glenn L. Hara

Appellate Case: 23-8003     Page: 24     Date Filed: 04/28/2023 Entry ID: 5270680